UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR ROBINSON, | Case No. 2:19-CV-829 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is defendants Las Vegas Metropolitan Police Department ("LVMPD"), Cody Bunn ("Officer Bunn"), and Garrett J. Connell's ("Officer Connell") (collectively, "the LVMPD defendants") motion for summary judgment. (ECF No. 30). Plaintiff Victor Robinson ("Robinson") filed a response (ECF No. 37), to which the LVMPD defendants replied (ECF No. 40).

Also before the court is the LVMPD defendants' partial motion to dismiss. (ECF No. 22). Robinson filed a response (ECF No. 23), to which the LVMPD defendants replied (ECF No. 27).

**I.   Background**

This case involves claims under 42 U.S.C. § 1983 for violation of Robinson's Fourth and Fourteenth Amendment rights in addition to claims for assault and battery under Nevada state law. (ECF No. 37 at 1–2).

On July 26, 2017, Robinson was promoting music CD's on the south end of the Las Vegas Strip. (ECF No. 30 at 3). Two other individuals were nearby. *Id.* Officer Bunn and Officer Connell approached the three individuals, all of whom appeared to be African-American,

**James C. Mahan**
**U.S. District Judge**

and informed them that they were obstructing the sidewalk in violation of Clark County Code § 16.11.  (ECF No. 30 at 3, ECF No. 37 at 5).  The officers patted all three down, obtained each individual's name and identifying information, and contacted police dispatch to determine if any of them had warrants or prior convictions.  (ECF No. 30 at 3–4).  Dispatch reported the existence of an active warrant for Robinson's arrest.  *Id.*

Officer Bunn told Robinson that he was going to cite him for improper use of the sidewalk, and an argument ensued.  *Id.* at 4–5. Officer Bunn and Robinson exchanged pejorative comments.  (ECF No. 30 at 5–6).  Robinson alleges that Officer Bunn punched him, resulting in a concussion and a chipped tooth.  (ECF No. 30 at 7).  This alleged punch is the basis of Robinson's excessive use of force and assault and battery claims.  (ECF No. 37 at 2–3, 4–5). Robinson's equal protection claim arises from Officer Bunn's decision to approach him and their exchange thereafter.  (ECF No. 37 at 3, 5–6).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the

**James C. Mahan**
**U.S. District Judge**

absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**James C. Mahan**
**U.S. District Judge**

- 3 -

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

### III. Discussion

As an initial matter, Robinson agreed to voluntary dismiss his § 1983 unlawful arrest; intentional infliction of emotional distress; false arrest; false imprisonment; malicious prosecution; abuse of process; conversion; negligence; and negligent hiring, training, and retention claims. (ECF No. 37 at 1–2). Additionally, plaintiff has agreed to dismiss Officer Connell and LVMPD as parties. *Id.* Thus, Robinson's remaining claims are a § 1983 excessive force claim, a § 1983 equal protection claim, assault, and battery. Only Officer Bunn remains a defendant in this case.

#### A. Excessive Use of Force

Robinson asserts that Officer Bunn punched him in the face during their interaction on July 26, 2017. (ECF No. 37 at 2–3). Officer Bunn disputes this account and offers footage captured by his body-worn camera ("BWC") during the encounter as evidence. (ECF No. 40 at 2). Officer Bunn and Robinson are partially obscured in the BWC footage, but the footage nonetheless shows that no punch occurred.[1] (Bunn BWC #1–3). Officer Bunn makes physical contact with Robinson only to the extent necessary to return him to a sitting position. (Bunn BWC #3 at 06:35–06:45). Robinson does not offer any additional evidence to substantiate the allegation that Officer Bunn punched him. (ECF No. 37 at 2–3).

To survive a motion for summary judgment, plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586). Thus,

---

[1] The court cites to Exhibit C, the BWC footage, which was provided via CD. (See ECF No. 30-2 at 29).

James C. Mahan
U.S. District Judge

- 4 -

"[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Robinson does not challenge the validity of the BWC footage or offer any evidence contravening it except for his own testimony. Instead, he proffers only a scintilla of evidence in support of his position. As the non-moving party, Robinson falls short of meeting his burden of demonstrating the existence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The court grants defendant's motion for summary judgment as to this claim.

**B. Equal Protection**

Robinson asserts that Officer Bunn never identified any reason for approaching him or the two other individuals who were briefly detained during the incident on July 26, 2017. (ECF No. 37 at 5). Robinson also asserts that Officer Bunn made derogatory comments towards him during the encounter and stated that he intended to release Robinson and the other two individuals with a "warning" without identifying the law or statute that they were violating. *Id.* These factors, combined with Robinson's status as an African-American, form the basis for his equal protection complaint against Officer Bunn.

In order to state a claim under § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon their membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)). Additionally, a plaintiff has the burden of showing that the defendant acted with intent to discriminate against him because of his race, and that others similarly situated were treated differently. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995) (citing *United States v. Aguilar*, 883 F.2d 662, 706 (9th Cir. 1989)).

Robinson offers no evidence beyond his own testimony to suggest that Officer Bunn acted with discriminatory intent or behaved any differently towards him during the encounter on July 26, 2017, than towards other similarly-situated individuals. (ECF No. 37 at 5–6). The BWC footage does not show that Officer Bunn uttered any racial epithets towards Robinson or

James C. Mahan
U.S. District Judge

- 5 -

made any remarks that, on their face, would suggest that Officer Bunn treated Robinson differently because of his race.  (Bunn BWC #1–3).

Robinson does not challenge the validity of the BWC footage introduced into the evidentiary record, does not offer any evidence contravening it except for his own testimony, and does not assert any evidence suggesting that he was treated differently by the defendants than other individuals similarly situated.  As a result, he fails to offer more than a scintilla of evidence in support of his position.  As the non-moving party, Robinson falls short of meeting his burden of demonstrating the existence of a genuine issue of material fact.  *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  The court grants defendant's motion as to this claim.

**C.  Assault and Battery**

In Nevada, the standard for common-law assault and battery by a police officer mirrors the standard of federal civil rights law, and liability attaches when a police officer uses a level of force that is unreasonable under the circumstances.  *See Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996).  Accordingly, as Robinson has failed to show that Officer Bunn punched him to support his Fourth Amendment claim, summary judgment on his assault and battery claims is appropriate as well.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the LVMPD defendants' motion for summary judgment (ECF No. 30) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the LVMPD defendants' motion to dismiss (ECF No. 22) be, and the same hereby is, DENIED as moot.

DATED June 24, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**